**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| OLGA SOLOVIEVA,<br><br>        Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF CHICAGO,<br><br>        Defendant. | Case No. 1:24-CV-4173<br><br>REMOVED FROM THE LAW DIVISION, CIRCUIT COURT OF COOK COUNTY, ILLINOIS, CASE NO. 2023-L-010540 |

## NOTICE OF REMOVAL

Defendant The University of Chicago ("University"), by and through its attorneys, Seyfarth Shaw LLP, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, files this Notice of Removal with respect to the above-captioned case, which was filed and currently is pending in the Circuit Court of Cook County, Illinois, Case No. 2023-L-010540. In support of its Notice of Removal, the University states as follows:

    1.    On October 17, 2023, Plaintiff Olga Solovieva commenced a civil action against the University in the Circuit Court of Cook County, Illinois, entitled, entitled *Solovieva v. University of Chicago*, Case No. 2023-L-010540.

    2.    On October 23, 2023, Plaintiff's counsel emailed counsel for the University a copy of the Complaint and a waiver of service form.

    3.    On October 25, 2023, counsel for the University returned the executed waiver of service form.

    4.    On December 22, 2023, the University filed its answer and defenses.

5. On January 9, 2024, Plaintiff moved to strike the defenses and the Circuit Court of Cook County granted that motion on January 23, 2024.

6. On February 13, 2024, the University filed its Answer and Amended Defenses.

7. On February 21, 2024, Plaintiff filed her Reply to the Answer and Amended Defenses, as required under Illinois law.

8. Because the pleadings are complete, no further pleading is necessary upon removal. Fed. R. Civ. P. 81(c)(2).

9. A copy of all "process, pleadings and orders" received by the University in the state court action is attached as Exhibit A. *See* 28 U.S.C. § 1446(a).

10. Plaintiff's Complaint was not removable upon initial filing because it did not state on its face any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, there was no other basis for federal jurisdiction based on the well-pleaded allegations on the face of the Complaint.

11. Rather, Plaintiff's Complaint asserted claims solely under Illinois law.

12. Count I asserted an Illinois claim of alleged retaliatory discharge in violation of public policy. *See Bea v. Bethany Home, Inc.*, 333 Ill. App. 3d 410, 413, 775 N.E.2d 621, 623 (2002) (Illinois provides a cause of action for retaliatory discharge where "a plaintiff must show that: (1) he was discharged in retaliation for his activities; and (2) the discharge contravenes a clearly mandated public policy"); *see also* Compl. ¶¶ 41-54.

13. Counts II and III asserted Illinois claims alleging breaches of contract and implied-in-fact contract based on alleged violations of University policy. Compl. ¶¶ 55-67.

14. Counts IV-VIII asserted Illinois claims alleging various claims of discrimination (national origin and sex discrimination) and retaliation (based on complaints of alleged

discrimination and complaints of alleged national origin discrimination against others). Compl. ¶¶ 8-12, 68-100.

15. With respect to her discrimination claims, Plaintiff specifically pleaded her compliance with the exhaustion provisions of the Illinois Human Rights Act. Compl. ¶¶ 8-12. However, Counts IV-VIII did not otherwise cite the statutory basis for these claims.

16. Accordingly, the case stated by the Complaint was not removable.

17. On December 27, 2023, the University served its first set of interrogatories on Plaintiff. Interrogatory 11 asked Plaintiff to "[i]dentify all statutes that you allege that University to have violated with respect to your claims of discrimination. For all statutes identified, state whether you assert claims for violation of such statutes."

18. On January 26, 2024, Plaintiff responded that "[t]he statutes are identified in the Complaint," but did not identify any specific statute.

19. On April 22, 2024, the University advised Plaintiff by letter that it regarded her response to Interrogatory No. 11 as incomplete. In particular, the University stated that although Count I cited to various statutes, "the Complaint does not address, with specificity, whether Plaintiff is asserting claims for the alleged violation of each such statute." The University further noted that it understood "Counts IV-VIII [to] allege statutory causes of action, [but] the Complaint does not reveal which statutes are the basis for Plaintiff's claims." Accordingly, the University "request[ed] that Plaintiff supplement her answer to fully respond to Interrogatory No. 11." A copy of the relevant portion of the University's April 22, 2024 letter is attached as Exhibit B.

20. On April 24, 2024, Plaintiff's counsel responded that Plaintiff alleged violations of " all identified statutes" in Count I. Counsel's letter additionally noted that Plaintiff had

produced documents identifying discrimination claims "under the Illinois Human Rights Act," as well as explaining that "Plaintiff's employment discrimination charge was cross-filed with the EEOC thereby implicating federal statutory violations as well (Titles VI, VII and IX)." A copy of the relevant portion of Plaintiff's April 24, 2024 letter is attached as Exhibit C.

21. Counsel's April 24, 2024 letter clarifying Plaintiff's interrogatory response was the first time that the University was able to ascertain that Plaintiff is asserting claims under federal law in this case.

22. Accordingly, the University has 30 days to file its notice of removal from the date that it received the letter. 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

23. Because the University has filed this Notice of Removal within thirty days of receipt of the April 24, 2024 letter, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

**This Case Is Removable Based on Federal Question and Supplemental Jurisdiction**

24. As clarified by the April 24, 2024 letter, Counts IV, V, VI, VII, and VIII of the Complaint assert federal claims of discrimination as to the terms and conditions of Plaintiff's employment with the University, as well as with respect to the University's denial of Plaintiff's tenure application and the termination of her employment.

25. Because Plaintiff asserts federal claims, her action "aris[es] under the … laws … of the United States," providing this Court with original jurisdiction over her federal claims. 28 U.S.C. § 1331.

26. Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims in Counts I, II, and III, as well as the state law theories in Counts IV-VIII. Those claims

-4-

"form part of the same case or controversy under Article III of the United States Constitution," as Plaintiff's federal claims, because Counts I-III (and the state law theories in Counts IV-VIII) arise from the same nucleus of operative facts as the federal claims in Counts IV-VIII, namely Plaintiff's employment with and termination from the University. 28 U.S.C. § 1367.

27. The Court thus has original jurisdiction over all of Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367 and removal is proper under 28 U.S.C. § 1441.

## Venue And Notice

28. Venue is proper in this District because, pursuant 28 U.S.C. § 93(a)(1), this District embraces the Circuit Court of Cook County, Illinois, the place where the removed action has been pending. 28 U.S.C. § 1441(a).

29. Promptly upon the filing of this Notice of Removal, the University shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Circuit Court of Cook County and will serve a copy thereof on Plaintiff through her counsel, pursuant to 28 U.S.C. 1446(d). A copy of this notice is attached hereto at Exhibit D.

## Conclusion

30. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367. Therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

31. Should Plaintiff seek to remand this case to state court, the University respectfully ask that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, the University asks that the Court retain jurisdiction and allow a motion asking this Court to certify any remand order for interlocutory review by the Seventh Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, the University requests that the above-described action pending against it

be removed to this Court. The University also requests all other relief, at law or in equity, to which it is justly entitled.

DATED: May 21, 2024 Respectfully submitted,

THE UNIVERSITY OF CHICAGO

By: /s/ *Jules A. Levenson*
    One of Its Attorneys

Thomas J. Piskorski
tpiskorski@seyfarth.com
Erin Dougherty Foley
edfoley@seyfarth.com
Jules A. Levenson
jlevenson@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served on all counsel of record, as listed below, via first-class mail, postage prepaid on the 21st day of May, 2024.

      Thomas D. Rosenwein
      Rosenwein Law Group
      105 W. Madison St., Suite 2300
      Chicago, IL 60602
      (312) 792-1957
      trosenwein@rlawgrp.com

                            */s/Jules A. Levenson*
                            Jules A. Levenson